# Masciarelli *v.* John F. Dyer Quarry Co., Appellant.

*Negligence—Death — Parent and child — Expectation of future benefits.*

In an action by a mother, who was a citizen and resident of a foreign country, to recover damages for the death of her son, twenty-three years of age, alleged to have been caused by the negligence of the defendant, the plaintiff is entitled to maintain a judg-

MASCIARELLI *v.* DYER QUARRY CO., Appellant. 113

112, (1917).]   Syllabus—Opinion of Court below.

ment on a verdict in her favor for $1,150 where it appears that for a period of about two years the deceased entrusted to a banker's clerk, periodically calling for that purpose, a considerable portion of his earnings for transmission to the plaintiff, although there is no actual proof that the plaintiff received these sums and applied them to her use.

Argued Nov. 15, 1916.   Appeal, No. 188, Oct. T., 1916, by defendant, from judgment of C. P. Berks Co., Dec. T., 1914, No. 26, on verdict for plaintiff in case of Beatrice Masciarelli v. John F. Dyer Quarry Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's son.   At the trial the jury returned a verdict for plaintiff for $1,150 on which judgment was entered.

On a rule for judgment for defendant n. o. v. ENDLICH, P. J., filed an opinion which was in part as follows:

On Nov. 11, 1913, an Italian, twenty-three years of age, by the name of Quaglio was killed while working in the employ of the defendant company.   This action is brought against the latter by the deceased's mother, who resides in Italy, to recover damages for her son's death, alleging negligence in defendant as the cause thereof. Her standing to maintain the suit is conceded under Act of June 7, 1911, P. L. 678.   The verdict was for plaintiff for $1,150.   The questions raised on these applications of defendant involve the contentions (1) that there was contributory negligence on the part of the deceased, (2) that he had assumed the risk of injury, and (3) that there was no adequate proof of an expectancy by plaintiff of pecuniary benefits from the deceased, had he continued to live.

\*   \*   \*   \*   \*   \*   \*   \*   \*

(3) What will justify, as between parent and adult child, an expectancy of pecuniary benefits capable of basing a recovery by the party deprived of them, has been explained in a number of decisions, among them R.

R. Co. v. Adams, 55 Pa. 499; North Penna. R. R. Co. v. Kirk, 90 Pa. 15; Schnatz v. R. R. Co., 160 Pa. 603; Stahler v. Ry. Co., 199 Pa. 383; Lewis v. Turnpike Co., 203 Pa. 511. A study of these cases will show that much less has been held sufficient than we have here. Here there is evidence that, with more or less regularity, the deceased entrusted to a banker's clerk, periodically calling for that purpose, quite considerable portions of his earnings for transmission to plaintiff. It is not, to be sure, shown that she actually received these sums and applied them to her use. But unless it be permissible (which on very familiar grounds it is not) to conjecture that they were misappropriated by the clerk or the banker, it is fair to infer that they reached the plaintiff and that at least in part they went for her relief and support, the family relation between her and her son continuing. The estimate put by the jury upon the pecuniary loss sustained by her through his death is so conservative that no excessive allowance in this respect can be charged against the verdict. It is true that this branch of plaintiff's case might conceivably have been sustained with more direct and complete testimony. But in order to warrant the submission and sustain a finding of a fact which it tends to prove, evidence is not to be treated as insufficient simply because the fact might have been established by other and further evidence with a higher degree of certainty. A point similar in character was, upon application for a new trial, made, discussed and ruled in Neumiller v. Motor Car Co., 3 Berks Co. L. J. 337, the judgment in which was subsequently affirmed (49 Pa. Superior Ct. 183) with an express declaration that there was sufficient evidence to sustain the verdict.

It would thus appear that none of the contentions made on behalf of the defendant can be approved, that there is no room for the entry of a judgment in its favor contrary to the verdict, and that there is no just ground for ordering a new trial; and therefore—

The rules to show cause are discharged.

112, (1917).] Assignment of Error—Opinion of the Court.

*Error assigned* was in discharging rule for judgment n. o. v.

*E. H. Deysher,* for appellant, cited: Penna. R. R. Co. v. Adams, 55 Pa. 499; Penna. R. R. Co. v Keller, 67 Pa. 300; North Penn R. v. Kirk, 90 Pa. 15; Deni v. Penna. R. R. Co., 181 Pa. 525; Lewis v. Hunlocks C. & M. Turnpike Co., 203 Pa. 511; Schnatz v. P. & R. R. Co., 160 Pa. 602.

*Ira G. Kurtz,* with him *Joseph R. Dickinson,* for appellee, cited: Deni v. Penna. R. R. Co., 181 Pa. 525.

PER CURIAM, March 13, 1917:

The opinion filed by ENDLICH, J., in discharging the rule for judgment n. o. v. and for a new trial, is a conclusive answer to the assignments of error filed, and for the reasons therein given, the judgment is affirmed.